IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,
    Plaintiff,
v.                                                                  Criminal No.  2:02CR17-2

LINNEA STRAWDERMAN,
    Defendant.

## **ORDER/OPINION**

On the 8th day of February 2006, came the defendant, Linnea Strawderman, in person and by her counsel, Wells Dillon, and the United States by Stephen Warner, Assistant United States Attorney, pursuant to a Petition for Warrant or Summons for Offender Under Supervision filed in this case on February 28, 2005, alleging Defendant:

1. Violated the Mandatory Condition that she not commit another federal, state or local crime;

2. Violated the Mandatory Condition that she refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter;

3. Violated the Standard Condition that she not leave the judicial district without the permission of the court or probation officer;

4. Violated the Standard Condition that she answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5. Violated the Standard Condition that she refrain from excessive use of alcohol and not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

6. Violated the Standard Condition that she not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

7. Violated the Standard Condition that she notify the probation officer within seventy-two hours of being arrested or questioned by law enforcement officers; and

8. Violated the Special Condition that she participate in a program of testing, counseling, and treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

Grounds for the alleged violations are as follows:

On December 5, 2005, the Offender called the probation Office and reported that she had contact with local law enforcement in Allegany County, Maryland. The Offender indicated that she met with Rocky Barnes in Cumberland, Maryland. The Offender advised that Mr. Barnes had his cousin with him and he needed a ride home and she agreed to take them to Midland, Maryland. The Offender stated that Mr. Barnes' cousin was driving and that he needed to use the bathroom so he pulled off onto a dirt road. The vehicle ended up getting stuck and according to the Offender, she notified law enforcement, who responded to the scene and took them back to a hotel in Cumberland, Maryland, until morning when a tow truck could remove her vehicle. The next morning the police arrested the Offender fro destruction of property and child endangerment.

On December 14, the Probation Office received the criminal complaint regarding the Offender's involvement in criminal activity from the District Court of Maryland for Allegany County . . . . According to the report, Linnea Louise Thomas was arrested on November 30, 2005 for Disorderly Conduct, Malicious Destruction of Property, Contribute to Condition of Child, and Intoxicated/Endangering Child [sic].

On December 15, 2005, the Probation Officer sent a correspondence to the Offender requiring her to report to the Probation Office on December 19, 2005. The Probation Officer was going to address the charges filed against the Offender and conduct a drug test on this date. The Offender did not appear as required on December 19, 2005. According to information received by the Probation Officer, the Offender received the letter to report and was aware of the appointment.

On December 22, 2005, the Probation Officer received information that Rocky Barnes was living with Offender at her residence in Fisher, West Virginia. Information was also received that the Offender was using crack cocaine and had been in the presence of Nicole Liggett. Both of these individuals have criminal records and the Offender has been instructed to have no contact with them.

On December 22, 2005, the Probation Officer received information from the Hardy County Emergency Headquarters that they had been called to the residence of Ms. Carol Tomas in reference to the Offender who had run into the Thomas residence and began to strip off her clothes yelling that Rocky Barnes was going to kill her. Deputy Burrows of the Hardy County Sheriff's Department was notified and investigated the matter. He determined that there was no evidence that the Offender had been assaulted or was in any danger, therefore, no further action was taken. Information received by the Probation Office revealed that the Offender had a party the night before and Rocky Barnes and Nicole Liggett were both in attendance. The Probation Officer contacted the Offender's mother-in-law, Ms. Carol Thomas and asked her to have the Offender call the Probation Office immediately. Ms. Thomas advised that the Offender told her to tell the Probation Officer that she was not at home. Later this date at approximately 3:20 p.m., the Offender called the Probation Officer. She was instructed to report to the United States Probation Office for drug testing by 5:00 p.m. The probation Officer waited at the office until 5:30 p.m. and the Offender did not report as instructed.

On December 26, 2005, the Probation Officer was contacted by Ms. Sara Evans of Watermark Counseling, the Offender's substance abuse treatment provider. She advised the Probation Officer that the Offender had missed her last several appointments and that she had received reports that the Offender was using cocaine. Additionally, Ms. Evans advised that the Offender had signed herself out of the program and she would no longer be receiving services to address her issues.

Prior to the taking of evidence, counsel for Defendant waived the preliminary hearing, conceding probable cause existed to forward this revocation matter to United States District Judge Robert E. Maxwell for hearing and disposition.

The Court then explained the charges contained in the Petition and the effect of the proposed waiver to Defendant and inquired of her as to the voluntariness of her decision to waive the preliminary hearing. From the colloquy between the Court and the defendant, the Court concluded Defendant's decision to waive the preliminary hearing was knowingly and voluntarily made.

Upon consideration of all which, the Court finds there is probable cause to believe that the defendant violated the conditions of her supervised release as alleged in the Petition for Warrant or Summons for Offender Under Supervision filed December 28, 2005.

It is therefore **ORDERED** that the defendant be bound over for a full hearing before the Honorable Robert E. Maxwell, United States District Judge for the Northern District of West Virginia on the violations alleged in the Petition for Warrant or Summons for Offender Under Supervision dated February 28, 2005.

It is further **ORDERED** that Defendant be remanded to the custody of the United States Marshal pending further proceedings in this matter.

The clerk of the court is directed to send a copy of this order to counsel of record.

DATED: February 16, 2006

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE